IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEAN JEUNE A37 089 885, | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 02-CV-3572 |
| | : | |
| KENNETH ELWOOD, | : | |
| DISTRICT DIRECTOR, *et al.*, | : | |
| Respondents | : | |
| | : | |

GOVERNMENT'S RESPONSE TO PETITION
FOR WRIT OF HABEAS CORPUS

I. BACKGROUND

This is an alien habeas corpus case. The petitioner, Jean Jeune ("Jeune") is a native and citizen of Haiti. After admission as a lawful permanent resident, Jeune was convicted of a drug trafficking offense. The Immigration & Naturalization Service (INS) placed Jeune in deportation proceedings as a result of the conviction. During the pendency of the proceedings, the District Director ordered Jeune detained, and he is presently at the York County Prison.[1]

---

[1] In this circuit, the proper respondent in an alien habeas case is the warden of the jail wherein the alien is immured. Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994); Valdivia v. United States, 80 F.Supp.2d 326, 333 (D.N.J. 2000). Moreover, § 2241 in terms extends only

-1-

On June 4, 2002 Jeune filed the instant habeas petition. The petition attacks Jeune's detention as unconstitutional. There is no exhaustion requirement, and this Court has jurisdiction pursuant to 28 U.S.C. § 2241(c)(3); see Hoang v. Comfort, 282 F.3d 1247, 1254 (10th Cir. 2002) ("With regard to immigration laws, exhaustion of remedies is statutorily required only for appeals of final orders of removal" (citing 8 U.S.C. § 1252(d)(1)).[2]

For the reasons that follow, the petition should be denied.

II. ARGUMENT

To understand the case and the decision to detain Jeune, a recitation of the facts is in order. Prior to submitting his application for naturalization, Jeune had been arrested in Philadelphia on at least three occasions, beginning in September 1995. The divers offenses charged included possession of instruments of crime, some variety of

---

to persons held within the district. Nonetheless, the government waives any objections to venue in this case.

[2]   And see Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001) (noting that section 2241 does not contain exhaustion provision).

mobile telephone "cloning" (theft of services), and drug trafficking. Jeune was convicted on one controlled substance distribution charge in April 1998.[3]

When the INS prepared the document commencing the removal proceedings, the district director's delegate prepared and signed a form called a "Notice of Custody Determination." That form (attached) advised Jeune that pursuant to 8 U.S.C. § 1226(a) he would be detained. The supervisor's choices on the form included detention, release on bond, or release on recognizance ("ROR").

The petition recites that "Petitioner has....eight (8) children...." Petition, p. 4, ¶ 9; only two of the birth certificates attached reflect that Jeune is the father, and Jeune told the INS on February 21, 2002 that he had three (3) children. The petition says that Jeune's "wife and children are currently living in Philadelphia, Pennsylvania." It does not say that Jeune lives at 5136 Larchwood Avenue and spouse Doretha Scales lives in an apartment at 7901 Lindbergh Avenue in Southwest Philadelphia.

---

[3] The arrest dates are September 1995, February 1996, and March 1996. Two other cases are "rearrests" by the district attorney following discharges.

On April 1, 2002 the Immigration Judge conducted an "individualized custody determination" (petition, ¶ 13, last sentence), and ordered Jeune released ROR. The INS appealed that decision to the Board of Immigration Appeals (BIA), invoking a regulation that leaves the parties *in situ* (and the alien detained) while the BIA rules on the appeal. See 8 CFR § 3.19(i)(2). The appeal is triggered by the INS trial attorney filing a form called an EOIR-43, attached to Jeune's petition at Exhibit "L."

Unhappily that form recites at the top that it pertains to those detained "subject to...Section 236(c)(1) of the INA." ("Section 236(c)(1)" is 8 U.S.C. § 1226(c)(1)).[4]

Apparently relying on the EOIR-43 form, at ¶ 18 of his Petition Jeune asserts that "respondents claim that Petitioner must be detained pursuant to...§ 236(c)(1) of the INA,...." Jeune's counsel then wri*tes a discursus* on the inapplicability of 8 U.S.C. § 1226(c) (mandatory detention) to Jeune's case. Because § 1226(c) does not apply to Jeune, he then argues that the automatic stay provision (8 CFR §

---

[4]    The "INA" is the Immigration & Nationality Act of 1952, as amended, and is codified at Title 8.

-4-

3.19(i)(2)) cannot apply to him either, because it "not only flouts the ruling in Patel,[5] but amounts to a unilateral nullification by an adversarial party of an authorized determination by an independent arbiter...." Petition, p. 8, ¶ 22.

As will be seen below, part of Jeune's argument proves too much, and the other part argues from an erroneous premise (Jeune reproduces and challenges an old, repealed version of the pertinent CFR, illustrating once again the danger inherent in recycling habeas briefs.)

The argument that proves too much is the digression against the mandatory detention statute.[6] The INS

---

[5] Patel v. Zemski, 275 F.3d 299, 308 (3d Cir. 2001).

[6] Interestingly, Judge Green noted in a case called Tsitron v. Elwood, No. 01-CV-04241, 2002 WL 93053, *2 (E.D.Pa. Jan. 23, 2002) that "although the Third Circuit stopped short of declaring 8 U.S.C. § 1226(c)(1) unconstitutional, it held that the mandatory detention of aliens after they have been found subject to removal but who have not yet been ordered removed because they are pursuing their administrative remedies violates their due process rights unless they have been afforded the opportunity for an individualized hearing at which they can show that they do not pose a flight risk or danger to the community" (emphasis added). The government in this case does not dispute that Patel controls Jeune's detention.

understands that mandatory detention pursuant to § 1226(c) is presently a dead letter in the Third Circuit after <u>Patel</u> (the Supreme Court has granted *certiorari* in the companion case to <u>Patel</u> based on the split in the circuits occasioned by <u>Patel</u>). As can be seen by the attached "Notice of Custody Determination," the deciding official had choices in ascertaining whether to release Jeune or detain him. That she elected to detain him without bond is not the same as "mandatory detention." While the language on the EOIR-43 form referring to "Section 236(c)(1)" is inappropriate after <u>Patel</u>, that form is used by the immigration judges and the BIA in twelve circuits, in eight of which § 1226(c) is still good law. It is not, indeed, an INS form at all, but a form prescribed by the immigration court, of which more anon. Presumably the INS trial attorneys have no authority to alter the language on a preprinted immigration court form. In any event, there is no dispute that the INS cannot rely on § 1226(c) to detain Jeune, and the government argues here that there is no reliance on that statute.

   That there was "an individualized custody determination" is established by the attached worksheet, and Jeune's frank concession that he had an "individualized

custody determination" (petition, ¶ 13, last sentence) before the Immigration Judge. That admission is at odds with the Jeune's contention that "mandatory detention" is operating here; mandatory detention is the antithesis of an individualized custody determination. Patel, 275 F.3d at 311 ("In the context of § 236(c), there is no basis for us to conclude that the goals articulated by the government are sufficient to justify detention without individualized hearings.") Conceding that he has been accorded a hearing, Jeune has no basis for contending that he is detained pursuant to § 1226(c).

Jeune's next objection is easily rebutted. He argues that 8 CFR § 3.19(i)(2) is unconstitutional as well as § 1226(c), because the regulation cites § 1226(c) as a the predicate for an "automatic stay." Jeune then copies out the old, superseded section. Petition, p. 8, ¶ 22.[7] The new

---

[7] Subsection 3.19(i)(2) was revised on October 31, 2001 and now reads:
(i) Stay of custody order pending Service appeal--

(2) Automatic stay in certain cases. In any case in which the district director has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon the Service's filing of

section, set out in the margin, makes no reference to mandatory detention, but simply reflects the Attorney General's judgment that certain bond decisions by the district director (involving no release, or release on bond in excess of $10,000) may not be overturned by an Immigration Judge without the approbation of the BIA. Stated another way, if the district director decides that no release is appropriate, and the Immigration Judge orders unconditional release without any conditions whatsoever (as happened in this case), the Attorney General has determined that the alien will remain detained until his third agent, the BIA, decides the question. This is entirely logical; if

---

a Notice of Service Intent to Appeal Custody Redetermination (Form EOIR-43) with the immigration court within one business day of the issuance of the order, and shall remain in abeyance pending decision of the appeal by the Board of Immigration Appeals. The stay shall lapse if the Service fails to file a notice of appeal with the Board in accordance with § 3.38 within ten business days of the issuance of the order of the immigration judge. If the Board authorizes release (on bond or otherwise), that order shall be automatically stayed for five business days. If, within that five-day period, the Commissioner certifies the Board's custody order to the Attorney General pursuant to § 3.1(h)(1) of this chapter, the Board's order shall continue to be stayed pending the decision of the Attorney General.
8 CFR § 3.19(i)(2) (West 2002)

Case 2:02-cv-03572-MAM    Document 4    Filed 07/01/2002    Page 9 of 14


the aggravated felon facing certain expulsion is released pending the INS appeal, the BIA's ultimate decision will be irrelevant if/when the felon flees.

    Jeune's petition complains that the "automatic stay" regulation[8] amounts to a "unilateral nullification by an adversarial party of an authorized determination by an independent arbiter...." Petition, p. 8, ¶ 22. This is consciously disingenuous; immigration lawyers understand that the "adversarial party" (INS) and the "independent arbiter" (the IJ) are employees of the Attorney General, and the "automatic stay" regulation is the Attorney General's regulation, not the agency's. It is the Attorney General who determines the balances of authority between the immigration courts and the INS; Jeune's rote "unilateral nullification" argument is misleading, because the INS does not act "unilaterally" but only within the regulatory framework prescribed by the Attorney General.[9]

---

[8]    The government assumes that Jeune's objections to 8 CFR § 3.19(i)(2) continue to apply after its revision.

[9]    The Attorney General has the prerogative to reverse the BIA as he sees fit; 8 CFR § 3.1(h). The BIA is the Attorney General's agent, and has no authority save what that officer grants to it by regulation. The Immigration & Nationality Act (INA) itself

Turning to the rationale of detention, the district director considered Jeune's danger to the community and likelihood to flee. In re Adeniji, Int. Dec. 3417, 1999 WL 1100900 (BIA Nov. 3, 1999). Of the two, it must be said that the former is more compelling. Jeune is a drug dealer (albeit a dealer in marijuana). An argument that he has only been convicted once is simply beside the point. His prior arrests establish that the offense of conviction was no fluke. The Attorney General has determined that, in most instances, commercial traffic in controlled substances is a "particularly serious crime." in re Y-L-, in re A-G-, in re R-S-R, 23 I.& N. Dec. 270, Int. Dec. 3464, 2002 WL 358818 (Atty. Gen. Mar. 5, 2002). Arrests for commercial dealing in illicit substances are sufficient cause to conclude that an alien is a continuing threat to society.

Of course, following Patel, the district director

---

makes no mention of the BIA. In the INA, it is the Attorney General (and not the BIA) who decides questions of law or fact; cf. 8 U.S.C. § 1103(a) ("... determination and ruling **by the Attorney General** with respect to all questions of law shall be controlling "); § 1231(b) ("the Attorney General shall not remove..."). All aliens have notice that it is ultimately the Attorney General, and not the BIA or the Immigration Judges, who decides questions of fact and law in administering the immigration statutes.

does not automatically detain all aggravated felons without bond, nor even all drug dealers. Jeune's case appears to be at the bound. As noted above, militating against him are multiple arrests and the fact that he does not reside with his spouse and children; if he does not live with them now, it is of little moment from a flight perspective whether he is elsewhere in West Philadelphia, or in Brooklyn, Queens, or Jamaica, New York. But if the district director came down on the side of caution in detaining Jeune, the Immigration Judge's decision erred too much the other way. Release without any condition whatsoever deprives Jeune of the slightest incentive to appear when required. It is precisely this paradigm that the "automatic stay" regulation addresses.

Cast in the light most favorable to Jeune, the issue becomes: what relief is available to him on habeas when two employees of the Attorney General disagree on the conditions of his release? The answer is found in the scope of this Court's review.

A writ of habeas corpus issues when the petitioner is "in custody in violation of the Constitution....or laws of the United States." 28 U.S.C. § 2241(c)(3). Jeune's

detention is authorized by statute, 8 U.S.C. § 1231(a), so in order to establish the habeas requisite of illegality, Jeune must show that his custody is unconstitutional. His petition attempts to meet the burden by arguing that INS is proceeding on a mandatory detention theory, but it is not the INS that detains him, it is the Attorney General; 8 U.S.C. § 1231(a). Jeune's individual hearing before the IJ and the BIA's review of that decision are fatal to any mandatory detention claim.

Nor may the Court resolve the custody issue using an abuse of discretion of standard. See 8 U.S.C. § 1226(e).[10] The standard for a habeas petition is illegality, not abuse of discretion. DeSousa v. Reno, 190 F.3d 175, 182-83 + 181 n.5 (3d Cir. 1999)(petition for habeas relief cannot be predicated on discretionary decision); Bowrin v. U.S. I.N.S., 194 F.3d 483, 490 (4th Cir. 1999) ("Only questions of pure law will be considered on § 2241 habeas review. Review of factual or discretionary

---

[10] "The application of this [detention and release] section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." INA § 236(e), 8 U.S.C. § 1226(e).

issues is prohibited"); Sol v. INS, 274 F.3d 648, 651 (2d Cir. 2001)(federal jurisdiction over § 2241 petitions does not extend to review of factual or discretionary determinations).

It is possible that Jeune will be ordered removed prior to the BIA deciding his custody case. On the other hand, it is possible that the BIA ultimately will decide the custody issue in his favor, from which decision the INS has no practical appeal. The first scenario, however, does not raise a substantive due process issue in the short run; Jeune has been detained for a little more than four months. He is free to accept an order of removal immediately and leave, thus ending his custody. If he chooses to litigate for the purpose of delaying his removal order, continued detention might be a lawful condition of that decision, depending on what the BIA decides.[11]  Hoang v. Comfort, 282 F.3d 1247, 1255 (10th Cir. 2002)("petitioners are not asserting that the Government has no right to detain them incident to their deportation proceedings. Indeed, such an argument would be futile, as the government's power to detain pursuant to deportation proceedings is well

---

[11]   There are no statutory waivers of removal available to Jeune to defeat removal.

established" citing Wong Wing v. United States, 163 U.S. 228, 235, 16 S.Ct. 977, 41 L.Ed. 140 (1896)); Patel v. Zemski, 275 F.3d at 308 (recognizing that government has the right to remove aliens and to detain them during the pendency of their removal proceedings). Because the Attorney General has not made a final determination regarding Jeune's detention, there is no due process violation and the petition should be denied.

III. CONCLUSION

          For the foregoing reasons the petition should be denied.

                                     Respectfully,

                                     PATRICK L. MEEHAN
                                     United States Attorney

_____   _____
                                     JAMES G. SHEEHAN
                                     Assistant United States Attorney
                                     Chief, Civil Division

                                     _____
                                     STEPHEN J. BRITT
                                     Assistant United States Attorney